UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD RICHARD STAUFFER, | 24-CV-5698 (LTS) |
| Plaintiff, | 24-CV-5701 (LTS) |
| -against- | 24-CV-5703 (LTS) |
| DONALD J. TRUMP, FORMER US PRESIDENT, REPUBLICAN CANDIDATE, | 24-CV-5704 (LTS) |
| Defendant. | ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings these four actions against Defendant Donald J. Trump, invoking the Court's diversity and federal question jurisdiction. Because the complaints all bring related claims against the same Defendant, the Court considers these actions together in this order. By orders dated July 30 and August 12, 2024, the Court granted Plaintiff's requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court dismisses the four complaints and grants Plaintiff leave to replead his claims in a single amended complaint in the action under docket number 24-CV-5698.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Howard Stauffer brings these four actions against former President Donald Trump. In each of the complaints, Plaintiff alleges that he is a citizen of New York, and Defendant Trump is domiciled in and a citizen of Florida. Plaintiff contends that President Trump's actions have caused him "massive personal, commercial, and financial loss." ECF 1:24-CV-5698, 1 at 4. In each of the actions, Plaintiff seeks one billion dollars, plus "an additional forty million dollars for public, personal, and intra-family humiliation." (*Id.*)

In the actions under docket numbers 24-CV-5698 and 24-CV-5701, Plaintiff alleges that former President Donald Trump violated the Lanham Act, 15 U.S.C. § 1124, "to obtain High Office and massive financial gains in excess of three billion dollars (recent sale of [T]ruth [S]ocial, social media company, but not limited to)." ECF 1:24-CV-5698, 1 at 4; ECF 1:24-CV-5701, 1 at 4.

In the action under docket number 24-CV-5703, Plaintiff alleges that former President Donald Trump violated the Copyright Act, 17 U.S.C. §§ 501, 506, by "using copyrighted material." ECF 1:24-CV-5703, 1 at 4. He further alleges that Defendant Trump engaged in wire fraud and theft of trade secrets, violating 18 U.S.C. §§ 1343, 1831-32. *Id.* at 3. He states that

Defendant did so in order "to obtain High Office and massive financial gains in excess of three billion dollars (recent sale of [T]ruth [S]ocial, social media company, but not limited to)." *Id*. at 4.

In the action under docket number 24-CV-5704, Plaintiff alleges that former President Donald Trump violated NY Civil Rights Law 50 and 51, "the Right of Publicity," and U.S. Civil Rights. He contends that Defendant Trump "violated NY state civil rights law 50 and 51 to obtain high office and massive financial gains in excess of three billion dollars (recent sale of [T]ruth [S]ocial, social media company, but not limited to)." ECF 1:24-CV-5704, 1 at 4.

## DISCUSSION

### A.   Violations of Criminal Law

Plaintiff attempts to bring claims against Defendant Trump based on alleged violations of federal criminal laws against wire fraud and theft of trade secrets. Plaintiff cannot initiate the criminal prosecution of an individual because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). A court order directing prosecuting attorneys to initiate a criminal proceeding is unavailable, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, Plaintiff's claims for violations of criminal laws, such as laws against wire fraud or theft, are dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii). These should not be reasserted in any amended complaint that Plaintiff may file.

### B.   Short and Plain Statement

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff alleges that Defendant violated various federal and state laws, causing him harm. All four of the complaints seem to suggest that the claims arose out of Defendant Trump's involvement with the media company, Truth Social. Plaintiff, however, does not plead any facts about what Defendant did or failed to do that allegedly violated his rights. As the Supreme Court has explained

> [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.*

Because none of the four complaints includes any facts about what Defendant did or failed to do that allegedly violated his rights, Plaintiff's complaints fail to comply with Rule 8 and are dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.   **Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

4

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff may be able to allege additional facts to state a valid claim, and the Court therefore grants Plaintiff leave to amend as described below.

**D.      Joinder and Claim Splitting**

Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant in a single action. *See* Fed. R. Civ. P. 18(a). Plaintiff thus is permitted to bring all of his claims against Defendant Trump in one action, whether or not the claims are related or arise from the same incident.

If Plaintiff's clams do arise out of the same facts, he cannot pursue multiple actions arising from those facts, each on a different legal theory. Instead, "a party must bring in one action all legal theories arising out of the same transaction or series of transactions." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001); *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992) ("It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff] chose to form her complaint.").

Because all of Plaintiff's claims against Defendant Trump can be brought in a single action, even if the claims arise under different legal theories, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims by filing a single amended complaint in the action with the lowest docket number, 24-CV-5698 (LTS).

Plaintiff's amended complaint in 24-CV-5698 (LTS), should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

5

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaints, any facts or claims that Plaintiff wants to include from the original complaints must be repeated in the single amended complaint under docket number 24-CV-5698.

## CONCLUSION

The Court dismisses Plaintiff's complaints for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B), without prejudice to Plaintiff's filing of a single amended complaint that includes all of his claims against Defendant Trump. Plaintiff's amended complaint must be filed with the Pro Se Intake Unit within 30 days and bear the docket number 24-CV-5698 (LTS). An amended complaint form is attached to this order.

The Clerk of Court is directed to close the actions under docket numbers 24-CV-5701 (LTS), 24-CV-5703 (LTS), and 24-CV-5704 (LTS), because Plaintiff can bring all of his claims against Defendant Trump in an amended complaint in the action under docket number 24-CV-5698 (LTS). Plaintiff should not file further documents in the actions under docket numbers 24-CV-5701 (LTS), 24-CV-5703 (LTS), and 24-CV-5704 (LTS). If Plaintiff fails to file an amended complaint within 30 days, the Court will enter judgment dismissing all of Plaintiff's claims for failure to state a claim on which relief can be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 19, 2024
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                     Chief United States District Judge