UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD RICHARD STAUFFER,

               Plaintiff,

      -against-

DONALD J. TRUMP,

               Defendant.

24-CV-5698 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this complaint alleging that Defendant Donald J. Trump, in his campaign for reelection as President of the United States, violated Plaintiff's rights. Plaintiff asserts claims for copyright infringement under 17 U.S.C. §§ 501 and 506, false designation of origin and dilution of trademark in violation of the Lanham Act, 15 U.S.C. § 1125, as well as violations of the right of publicity under New York Civil Rights Law 50 and 51.

    By order dated August 19, 2024, the Court dismissed the complaint but granted Plaintiff leave to replead.  Plaintiff filed an amended complaint (ECF No. 8), and the Court has reviewed it.  The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678-79. . After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

The following facts are drawn from the amended complaint.[1] Plaintiff states that because Defendant "Donald J. Trump has proven to be a dangerous individual (Jan 6 2021), a thirty-minute documentary was produced illustrating some of the infringement the defendant engaged in. The piece is available on YouTube by searching H. Richard Stauffer 2020 Presidential candidate 2012 Tea Party Presidential Candidate." (ECF No. 8 at 8.) Plaintiff indicates that his video includes "a presentation of some of the points . . . where the Defendant Donald J. Trump has engaged in copyright infringement" and other intellectual property violations. (*Id.*)

Plaintiff states that he has created four copyrighted works, titled: (1) "We are the Middle Class," (2) "Liberals Dream the Pro-Life Scheme, Conservatives Hopes for an Honest Fool," (3) "Four and Four the Republicans for Obama," and (4) Stuck in Neutral the Obama Economy." (*Id.* at 9.) Defendant Trump allegedly "infringed on" these works "first to get elected President, and then to radically enrich himself at the reduction of the Plaintiff['s] rights and future opportunities." (*Id.*) He contends that his "works were never intended to be used to enhance another person or parties' statu[s] or prosperity. They were intended for my use. . . . [T]he defendant certainly could not be elected President using his own identity." (*Id.* at 10.) Plaintiff seems to allege that President Trump somehow used Plaintiff's identity: "Defendant's use of my identity and protected works resulted in unfair competition. . . . [Defendant] knew he had to reinvent himself using another person's identity." (*Id.* at 11.) According to Plaintiff, "Defendant reinvented himself using [Plaintiff's] identity in order to become viable as a candidate." (*Id.* at 13.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

Plaintiff also contends that Defendant Trump diluted Plaintiff's "mark" and engaged in unfair competition and false advertising by misrepresenting the origin and nature of Plaintiff's works and identity. Plaintiff's argument is as follows:

> In the political realm the Plaintiff came before the Defendant Donald J. Trump. In the political realm a person or leaders name even more so than a party logo is truly the mark. Whether it be Clinton, Reagan, or Obama the name becomes the mark sought after for multimillion dollar book deals and speaking engagements throughout the world. If the mark is reduced through association with adultery, draft evasion, bankruptcies, insurgency, sexual assault, wrongful death through insurgency, racism, conspiracy to defraud voters, childlike threats of violence if one doesn't get his way, or megalomania those lucrative deals go out the window very fast and result in financial loss and commercial opportunity. My mark has been indefinitely diminished reduced and "Diluted" by [D]efendants actions. Unequivocally.
>
> It has been further Diluted through association with the Republican Party, which sadly is no longer the party of Lincoln but has become nothing more than a wantonness financial power brokerage.

(*Id.* at 9.)

Plaintiff asserts that when Defendant Trump "said the new immigrant arrivals are taking 'Black Jobs,' [t]hese antiquate racist comments have further reduced [Plaintiff's] works and identity and the ability to use [Plaintiff's] works." (*Id.* at 14.) In sum, Plaintiff asserts that Defendant Trump's "unauthorized use of [Plaintiff's] identity" had "indefinitely damaged" Plaintiff's "works and identity." (*Id.*)

Plaintiff asserts claims of copyright infringement, false designation of origin, false descriptions, dilution of mark, unfair competition, false advertising, and a "stolen right of publicity." (*Id.* at 9.) He alleges that Defendant Trump's actions caused him "massive" financial losses, loss of commercial opportunities, public and inter-family humiliation, ridicule, loss of employment, lost friendships, and lost wages. Plaintiff seeks one billion dollars, which he claims is one-third of the sale price of Defendant Trump's Truth Social media company as of the time of filing the amended complaint, as well as forty million dollars for humiliation, five million dollars

for pain and suffering, and five hundred thousand dollars for production expenses for Plaintiff's documentary. (*Id.* at 6.)

## DISCUSSION

A.    **Copyright Infringement**

"To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted). Registration with the United States Copyright Office is not required for a work to obtain copyright protection, 17 U.S.C. § 408(a), but registration (or preregistration) is a precondition for bringing an infringement action in federal court.

Here, Plaintiff lists the titles of four "works" for which he claims he has copyright protection. (ECF 8 at 9.) Plaintiff fails, however, to plead facts plausibly suggesting that Defendant Trump took actions that infringed any of Plaintiff's works. To plead infringement of a copyright, a plaintiff must allege facts demonstrating that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's work. *Lewinson v. Henry Holt & Co., LLC*, 659 F. Supp. 2d 547, 562 (S.D.N.Y. 2009) (quoting *Fisher– Price, Inc. v. Well– Made Toy Mfg., Corp.*, 25 F.3d 119, 122-23 (2d Cir. 1994)); *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014). The amended complaint lacks any factual allegations about what Defendant Trump did or failed to do that infringed Plaintiff's copyrighted works. There are also no allegations that Defendant Trump created any work with a "substantial similarity" to Plaintiff's copyrighted work.

5

Plaintiff alleges that he was involved "in the political realm," before Defendant Trump, and that Defendant Trump engaged in "unauthorized use of [Plaintiff's] identity." (ECF 8 at 9, 14.) These allegations do not plausibly support claims of copyright infringement –- Plaintiff's "identity" is not a work that can be copyrighted. *In re Jackson*, 972 F.3d 25, 45 (2d Cir. 2020) (holding that "a person's 'identity' or 'likeness' — are [not] 'works of authorship' that fall within the subject matter of copyright"). Because Plaintiff does not allege facts showing that Defendant copied or infringed a copyrighted work of authorship, Plaintiff's claims under the Copyright Act are dismissed for failure to state a claim on which relief can be granted.

**B.     Trademark Infringement**

Plaintiff invokes the Lanham Act, also known as the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* To plead a claim for trademark infringement, "a plaintiff 'must allege sufficient facts to establish: (1) that the plaintiff's mark is entitled to protection, and (2) that the defendant's use of [the] mark is likely to cause consumers confusion as to the origin or sponsorship of [its] goods' [or services]." *Adidas Am., Inc. v. Thom Brown Inc.*, 599 F. Supp. 3d 151, 158 (S.D.N.Y. 2022) (citation omitted, second alteration in original). For the purposes of the Lanham Act, "[t]he term 'mark' includes any trademark, service mark, collective mark, or certification mark." 15 U.S.C. § 1127.

"A certificate of registration with the [United States Patent and Trademark Office] is *prima facie* evidence that the mark is registered and valid (*i.e.*, protectible), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce." *Lane Capital Mgmt. Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) (citing 15 U.S.C. § 1115(a)).

Plaintiff's amended complaint does not plead facts suggesting that he owns a registered "mark" within the meaning of the Lanham Act. Instead, Plaintiff alleges that because of certain

alleged conduct on the part of Defendant Trump ("adultery, draft evasion, bankruptcies, insurgency, sexual assault, wrongful death through insurgency, racism, conspiracy to defraud voters, childlike threats of violence if one doesn't get his way, or megalomania"), Plaintiff's "mark has been indefinitely diminished reduced and 'Diluted.'" (ECF 8 at 14.)  Plaintiff's allegations that Defendant Trump interfered with Plaintiff's "mark," appear to relate to Defendant's alleged "unauthorized use of [Plaintiff's] identity," (*id.*), which is not a protectible mark within the meaning of the Lanham Act.  The amended complaint thus does not identify a protectible mark, or registration of a mark, and the allegations of the amended complaint therefore fail to state a claim for trademark infringement and must be dismissed.

**C.      Frivolous allegations**

Plaintiff provides no factual basis for his assertions that Defendant Donald Trump has engaged in "unauthorized use" of Plaintiff's identity.  *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").  A "[p]laintiff's beliefs − however strongly he may hold them − are not facts."  *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). The Court finds that Plaintiff does not provide any plausible factual support for his assertions about Defendant Trump's use of his identity.  Moreover, these allegations are irrational.  *See Livingston*, 141 F.3d at 437.  Plaintiff's claims must therefore also be dismissed as frivolous.  *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) ((holding that "the district court

did not err in *sua sponte* dismissing the complaint as frivolous," where allegations were fantastical).

**D.    State Law Claims**

Plaintiff alleges that he is a citizen of New York, Defendant Trump is a citizen of Florida, and the amount in controversy exceeds one billion dollars.  (ECF 8 at 2-3, 6.)  It therefore appears at this stage that the Court has diversity jurisdiction over any plausiblestate law claims asserted by Plaintiff..

Plaintiff contends, among other things, that Defendant Trump engaged in "unauthorized use [of Plaintiff's] right of publicity as guaranteed under NY Civil Rights Law 50 and 51."  (*Id.* at 8.)  The New York Court of Appeals has described these state statutes as follows:

> Section 50 of the Civil Rights Law prohibits the use of 'the name, portrait or picture of any living person' for advertising or trade purposes without the person's consent and declares a violation of the statute to be a misdemeanor. Section 51 of the statute provides civil remedies, including injunctive relief, compensatory damages and, if the defendant acted knowingly, exemplary damages.

*Stephano v. News Grp. Publications, Inc.*, 64 N.Y.2d 174, 182 (1984).[2]

NY Civil Rights Law § 51 applies "to any use of a person's picture or portrait for advertising or trade purposes whenever the defendant has not obtained the person's written consent to do so." *Id.* at 183.  "[W]here the plaintiff generally seeks publicity, or uses his name, portrait, or picture, for commercial purposes but has not given written consent for a particular use," the plaintiff may seek damages under Section 51 to vindicate what may "more accurately be described as a right of publicity." (*Id.*)

---

[2] "[A] claim under Sections 50 and 51 of the New York Civil Right Law sounds in privacy, not intellectual property." *Ratermann v. Pierre Fabre USA, Inc.*, 651 F. Supp. 3d 657, 669 (S.D.N.Y. 2023).

Here, Plaintiff asserts that Defendant Trump has violated his "right of publicity." (ECF 8 at 9.) The amended complaint, however, is devoid of factual allegations suggesting that Defendant Trump has used Plaintiff's name, picture, portrait, or any other aspect of Plaintiff Stauffer's identity. Plaintiff's invocation of the right of publicity is thus wholly lacking in factual support. These allegations fail to state a claim on which relief can be granted under New York Civil Rights Law §§ 50-51, and these claims must be dismissed.

### E. Leave to Amend

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff was given the opportunity to file the instant amended complaint. This amended complaint gives no indication that the defects can be cured with a further amendment. The Court thus declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this matter.

SO ORDERED.

Dated: July 2, 2025
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge